IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TOBIAS SANDERS, | : | |
| | : | Criminal Case No. |
| Petitioner, | : | **1:19-CR-21 (LAG)** |
| | : | |
| VS. | : | 28 U.S.C. § 2255 Case No. |
| | : | **1:23-CV-71 (LAG)** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**ORDER**

On October 12, 2023, Petitioner effectively filed a Motion to Amend, seeking to add a new claim to his previously filed Motion to Vacate. (Doc. 808). Petitioner's timely Motion to Vacate raises four claims. Three of these claims allege the District Judge assessed a weapons enhancement and a maintaining premises enhancement during sentencing without sufficient evidence. (Doc. 801 at 4-7). Petitioner alleges these errors (1) were a violation of his plea agreement, (2) made his sentence procedurally unreasonable, and (3) made his sentence substantively unreasonable. *Id.* The fourth claim alleges Petitioner's attorney was ineffective for failing to challenge these enhancements. *Id.* at 8.

In his Motion to Amend, Petitioner asserts his trial counsel was ineffective for failing to raise arguments related to the purity level of the methamphetamine Petitioner was convicted of conspiring to possess. (Doc. 808). If counsel had raised this argument at sentencing, Petitioner asserts he would have received a shorter sentence because U.S. Sentencing Guidelines distinguish between pure methamphetamine and mixtures containing methamphetamine. *Id.*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one year statute

of limitations on motions to vacate a federal sentence. 28 U.S.C. § 2255(f). This one year statute of limitations begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner does not allege the government prevented him from filing this drug purity claim, nor does he allege that he was prevented from discovering the facts underlying this claim. Additionally, Petitioner's claim is not based on a right newly recognized by the Supreme Court. Thus, the statute of limitations on Petitioner's drug purity claim began to run the day his conviction became final.

Judgment was entered against Petitioner on September 6, 2022. (Doc. 743). Because Petitioner did not appeal that judgment of conviction, it became final fourteen (14) days later on September 20, 2022, when the time for filing an appeal expired. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); FED. R. APP. P. 4(b)(1)(A)(i). Because the drug purity claim in Petitioner's Motion to Amend was not raised until October 12, 2023, that claim is untimely and barred by AEDPA's one year statute of limitations. 28 U.S.C. § 2255(f). However, Petitioner will still be able to pursue this claim if it "relates back" to Petitioner's timely filed Motion to Vacate under Rule 15(c) of the Federal Rules of Civil Procedure. *Davenport v. U.S.*, 217 F.3d 1341, 1344

(11th Cir. 2000).

"An amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2). "[T]he untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Davenport*, 217 F.2d at 1344 (quoting *United States v. Pittman,* 209 F.3d 314, 318 (4th Cir.2000)). An untimely §2255 claim will not relate back to a timely claim based on "the mere fact that they arose out of the same trial and sentencing proceedings." *Id.*

Petitioner's untimely drug purity claim is factually distinct from Petitioner's claims regarding the weapon and premises enhancements. To demonstrate the purity of the drugs involved in his case, Petitioner "would have to prove completely different facts than required to" demonstrate the invalidity of the sentence enhancements. *Vargas v. United States*, 2023 WL 2394294 (N.D. Ga. 2023), *report and recommendation adopted,* 2023 WL 2393779 (N.D. Ga. 2023) (quoting *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018)). The fact that both the timely and untimely claims allege Petitioner's sentence was miscalculated is not enough to conclude these claims are the same in "time and type." *See Davenport*, 217 F.2d at 1346 (finding an untimely claim alleging two drug transactions were improperly aggregated at sentencing did not relate back to a timely claim disputing the "chemical make up of [] drugs").

A party may amend a pleading once as a matter of right "no later than…21 days after serving it, or…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." FED. R. CIV. P. 15(a)(1). Here, Respondent served their

Response to Petitioner's Motion to Vacate on July 1, 2023. (Doc. 805). Because Petitioner is seeking to amend more than 21 days after the filing of a response, he may only amend "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

"Leave to amend should be freely given, but a district court can deny leave to amend the complaint when amendment would be futile." *Wade v. Daniels*, 36 F.4th 1318, 1328 (11th Cir. 2022) (citations omitted). The drug purity claim raised in Petitioner's Motion to Amend is barred by AEDPA's statute of limitations, and it cannot be saved by relating back to Petitioner's timely Motion to Vacate. Accordingly, such an amendment would be futile, and Petitioner's Motion to Amend (Doc. 808) is **DENIED**.

**SO ORDERED**, this 12th day of December, 2023.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE